UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JAMES L. WARNEKE,**

    *Plaintiff*,

v.                                      Case No. 5:24-CV-1014-JKP

**SAN ANTONIO POLICE
DEPARTMENT, et al.,**

    *Defendants*.

## ORDER GRANTING MOTION TO DISMISS

Before the Court is *Defendant Judge Melissa Saenz' Motion to Dismiss* (ECF No. 5). Pursuant to Fed. R. Civ. P. 12(b)(6), Judge Saenz seeks to dismiss the claims asserted against her. As she points out, "[i]t is difficult to determine the nature of Plaintiff's allegations against" her. Mot. at 1. But Plaintiff's claims appear to arise from a traffic stop that eventually led to a criminal case against Plaintiff and Judge Saenz presides over the assigned court. Prior to filing the motion, Judge Saenz complied with this Court's Standing Order regarding Rule 12(b)(6) motions. After Plaintiff chose not to file an amended complaint, Judge Saenz filed her motion to dismiss. Plaintiff has filed no response to the motion.

When there is no timely response, "the court may grant the motion as unopposed." *See* W.D. Tex. Civ. R. 7(d)(2). The Court may apply this local rule to dispositive motions. *See Suarez v. Ocwen Loan Servicing, LLC*, No. 5:15-CV-664-DAE, 2015 WL 7076674, at *2 (W.D. Tex. Nov. 12, 2015); *Hernandez v. Deutsche Bank Tr. Co.*, No. EP-12-CV-282-DB, 2012 WL 12887898, at *2 (W.D. Tex. Aug. 21, 2012). But "in the interests of thoroughness," it may address unopposed motions on the merits. *See Suarez*, 2015 WL 7076674, at *2. Under the circumstances of this case, the Court declines to grant the motion merely because Plaintiff has not responded. It instead examines the merits of the motion and applies the well-established standards for stating a claim set out in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, given the lack of response, there is no need to set out a detailed analysis of the law or legal issues.

Judge Saenz argues that she is entitled to judicial immunity. After reviewing the motion, relevant pleading, and applicable law the Court agrees. As discussed by the Fifth Circuit, "Judges enjoy absolute immunity from liability for judicial or adjudicatory acts." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). And, although such immunity "does not bar prospective relief against a judicial officer," plaintiffs "seeking injunctive or declaratory relief . . . must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Id*. at 357-58. While it is not clear that Plaintiff seeks any prospective relief against Judge Saenz, it is clear that he fails to allege facts as to any substantial likelihood of any future injury from the alleged actions of Judge Saenz. Consequently, to the extent Plaintiff seeks prospective relief prudential or constitutional standing forecloses such relief. *See id*. at 358-59. Due to judicial immunity and prudential standing, Plaintiff has failed to state a claim against him upon which relief can be granted. To the extent that constitutional standing precludes prospective relief, this Court lacks jurisdiction to issue such relief.

In general, the Court considers whether it should grant a plaintiff leave to amend when it has determined that Fed. R. Civ. P. 12(b)(6) warrants dismissal. Leave to amend is not required, however, when plaintiffs have already pled their "best case." *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam). *Id*. at 768. Whether to grant leave to amend is within the Court's sound discretion. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Notably, a "party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals." *Id*.

Plaintiff has not asked to amend his complaint. Moreover, according to an attachment to the motion, Judge Saenz complied with this Court's standing order and Plaintiff did not amend his complaint. The Court's Standing Order is intended to advance cases efficiently and to minimize the cost of litigation. *See* ECF No. 4 at 1. Through this Standing Order, "the Plaintiff has

2

already been provided notice of the proposed deficiencies and the opportunity to amend the pleading prior to the filing of a Motion to Dismiss." *Id*. Thus, "if the Court finds any Motion to Dismiss has merit, the Plaintiff shall not be allowed an additional opportunity to amend its Complaint following a properly filed Motion to Dismiss." *Id*. at 1-2 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 567 (5th Cir. 2002)). Based upon all of the foregoing, the Court finds that Plaintiff has stated his best case against Judge Saenz and thus declines to exercise its discretion to permit the filing of an amended complaint.

For the foregoing reasons, the Court **GRANTS** *Defendant Judge Melissa Saenz' Motion to Dismiss* (ECF No. 5) and **DISMISSES** the claims asserted against Judge Saenz with prejudice. Any claims for prospective relief are dismissed without prejudice to the extent constitutional standing is lacking. **The Clerk of Court shall terminate Judge Saenz as a defendant in this litigation.**

**SIGNED this 12th day of November 2024.**

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**